# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10346

————————

JOCELYN NANETTE KNOTTS, *Individually and in her capacity as representative of* THE ESTATE OF KENNETH WAYNE KNOTTS, *Deceased*; KENITH PRICE; LADONNA BLANCHARD, *Individually*, and *as Next Friend of* K.W.K and L.U.K, *minors*; NEKEISHA SANDERS, *Individually and as next friend to* K.S. and K.S., *minor children*,

*Plaintiffs—Appellants*,

*versus*

BRANDON LEDBETTER; ANAID VEJAR; BARRY SECREST; DONALD MCKENZIE; JOHN DOES 5-10,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2369

————————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Plaintiffs brought this excessive force case on behalf of Kenneth Knotts, who died in police custody at the University of Texas Southwestern

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10346

Medical Hospital.  The district court granted the Defendant officers' motion to dismiss, holding that the Plaintiffs did not allege any violation of a constitutional right nor that the violation was against clearly established law. Plaintiffs timely appealed.

Our court reviews a district court's Rule 12(b)(6) dismissal *de novo*, accepting all facts in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162 (5th Cir. 2021); Fed. R. Civ. P. 12(b)(6).  Moreover, where Plaintiffs reference video evidence and include several screenshots in their complaint and brief, our court can consider the video in its entirety. *Anderson v. Estrada*, 140 F.4th 634, 642 (5th Cir. 2025) (citing *Winder v. Gallardo*, 118 F.4th 638, 643–44 (5th Cir. 2024) (per curiam)).

After carefully reviewing the record evidence, we find that the officers' use of force was reasonable in the light of the circumstances and was not prohibited by any clearly established law. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Accordingly, we AFFIRM the district court judgment.